**Earl Wayne TILLMAN, Plaintiff–Appellant,**

v.

**ASSOCIATION OF APARTMENT OWNERS OF EWA APARTMENTS; Beverly Hangman; Norman Hangman, Defendants–Appellees.**

**No. 99–15735.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2000[1]

Filed Dec. 12, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

Andre S. Wooten, Honolulu, Hawaii for the appellant.

Douglas H. Knowlton, Honolulu, Hawaii for the appellees.

Before: HUG, TROTT and WARDLAW, Circuit Judges.

HUG, Circuit Judge:

Earl Wayne Tillman appeals the district court's dismissal of his action against the Association of Apartment Owners of Ewa Apartments, Beverly Hangman and Norman Hangman. Tillman also challenges the district court's denial of his motion for a new trial brought under Fed.R.Civ.P. 59(a). Because we lack jurisdiction over the appeal from the final judgment and Tillman's motion for a new trial was untimely filed, we must dismiss for lack of jurisdiction.

Tillman brought an action against the defendants alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3601–3631, and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Specifically, Tillman alleged that the defendants discriminated against him based on his race and disability. After five days of trial, Tillman rested his case and the defendants filed a motion for a judgment as a matter of law under Fed.R.Civ.P. 50. On October 27, 1998, the district court granted the defendants' motion and dismissed the case. The district court entered its judgment on October 29, 1998. On November 16, 1998, Tillman filed a new trial motion under Rule 59(a). The dis-

trict court acknowledged that the motion was untimely but proceeded to deny Tillman's motion on the merits. On April 6, 1999, Tillman filed a notice of appeal. Tillman appeals (1) the district court's order dismissing his case against the defendants, and (2) the district court's order denying Tillman's new trial motion.

## I. Appeal From Judgment

 The court of appeals lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed. *See Browder v. Director, Dep't of Corrections of Ill.,* 434 U.S. 257, 264–65, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). In a civil action, a notice of appeal must be filed with the district court clerk within 30 days after the date of entry of the judgment from which the party is appealing. Fed.R.App.P. 4(a)(1). This time limit is "mandatory and jurisdictional." *Browder,* 434 U.S. at 264, 98 S.Ct. 556 (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). However, the timely filing of a new trial motion under Fed.R.Civ.P. 59 tolls the 30–day period until the district court enters an order disposing of the motion. *See* Fed. R.App. P. 4(a)(4)(v); *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir.1989). The new trial motion must be filed within 10 days after the entry of judgment. Fed.R.Civ.P. 59(b).

Pursuant to Fed.R.Civ.P. 6, when the prescribed period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation. Fed.R.Civ.P. 6. The district court judgment granting the defendants' motion for judgment as a matter of law was entered on October 29, 1998. Excluding the intermediate Saturdays, Sundays and Veterans Day, the motion for new trial in order to be timely had to be filed by November 13, 1998. Tillman did not file his motion for new trial until November 16, 1998. As such, the new trial motion did not toll the 30–day period under Rule

4. Thus, Tillman's appeal from the district court's final judgment dismissing Tillman's case was untimely. Accordingly, this court lacks jurisdiction over the appeal and we dismiss.

## II. Appeal From Order Denying New Trial Motion

 Tillman also appeals the district court's order denying his motion for a new trial under Fed.R.Civ.P. 59(a). As already discussed, Tillman's new trial motion was untimely filed. Fed.R.Civ.P. 6(b) bars a district court from extending the 10–day filing period for a new trial motion as set forth under Rule 59(b). Therefore, the district court was without jurisdiction to consider the motion, and we similarly do not have jurisdiction to hear the appeal from the order denying Tillman's motion.

DISMISSED