**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REID PRODUCTS, INC.,
*Plaintiff-Appellant,*

v.

WESTPORT INSURANCE CORPORATION,
*Defendant-Appellee.*

No. 03-55552

D.C. No.
CV-01-01680-
MMM

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
February 11, 2005—Pasadena, California

Filed March 1, 2005

Before: John T. Noonan, David R. Thompson, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Noonan

## COUNSEL

Surjit P. Soni, Pasadena, California, for the plaintiff-appellant.

Lawrence Borys, Los Angeles, California, for the defendant-appellee.

## OPINION

NOONAN, Circuit Judge:

Reid Products, Inc. (Reid) appeals the district court's denial of its ex parte application for entry of judgment in Reid's suit

against Westport Insurance Company (Westport). Holding that the district court was correct in ruling that its prior judgment had not been vacated, we affirm the order of the district court denying a new entry of judgment.

## FACTS AND PROCEEDINGS

On February 21, 2001, Reid brought suit against Westport for breach of contract and bad faith in its treatment of Reid as an insured. On June 18, 2001, the district court ordered the parties to file cross-motions for summary judgment. On October 9, 2001, the district court denied Reid's motion for summary judgment and granted Westport's. On October 10, 2001, the court entered judgment for Westport.

On November 30, 2001, Reid moved for reconsideration under Fed. R. Civ. P. 60(b). On March 6, 2002, the district court issued a ruling entitled "Order Granting Plaintiff's Motion To Reconsider Under Rule 60(B)(1) And Reaffirming Entry Of Judgment In Defendant's Favor." The court ruled that Reid had shown mistake or excusable neglect in its counsel's interpretation of the court's order directing the filing of cross-motions for summary judgment. The court would, therefore, reconsider a portion of its order granting summary judgment to Westport. Reviewing the evidence now offered by Reid, the court concluded: "the court reaffirms its earlier decision to enter summary judgment in favor of Westport."

On June 24, 2002, Reid moved ex parte for entry of judgment in favor of Westport, "so that appeal may be taken from this Court's decision granting on March 5, 2002, "Plaintiff's Motion for Reconsideration of Order on Cross-Motions for Summary Judgment." On March 25, 2003, the district court denied this motion, ruling that its judgment entered on October 10, 2001 had never been "vacated, altered or amended."

Reid filed an appeal of the March 25, 2003 order as well as of the judgment of October 10, 2001. Westport moved to

dismiss the appeal. This court limited the appeal to review of the order of March 25, 2003.

## ANALYSIS

**[1]** Fifty days after the court entered judgment on October 10, 2001, Reid moved for reconsideration. At this point, the 30-day period for filing a notice of appeal set by Fed. R. App. Proc. 4(a) had already run. No time remained for Reid to appeal the judgment. The late motion for reconsideration had no tolling effect. Only if the motion had been made within 10 days of the judgment would it have had such effect. Fed. R. App. Proc. 4(a)(4)(A)(vi).

**[2]** Reid's present appeal, seeking the entry of a new judgment in favor of its adversary, appears to be an effort to create a new time from which appeal of the judgment might be taken. No reason exists to countenance this maneuver. The court's judgment was entered in 2001. The appeals period expired in 2001. The present appeal is DISMISSED.