**Anthony COVELLI; Patricia Covelli, Plaintiffs–Appellants,**

**v.**

**David BENSON, individually and in his official capacity, Defendant– Appellee.**

**No. 05–16927.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Dec. 07, 2007.

---

Tim Biasiello, Esq., Park Ridge, IL, for Plaintiffs–Appellants.

Mark L. Nations, Jennifer Leigh Thurston, Office of the County Counsel, Bakersfield, CA, for Defendant–Appellee.

Before: WALLACE and RAWLINSON, Circuit Judges, and RESTANI *, Chief Judge for the Court of International Trade.

#### MEMORANDUM **

Anthony and Patricia Covelli appeal from the district court's denial of their Rule 59 and Rule 60 motions.

---

\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

1. The district court did not abuse its discretion by deciding it lacked jurisdiction to consider the Appellants' untimely Rule 59 motion, as the district court was barred from extending the ten-day filing period for a new trial. *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments,* 234 F.3d 1087, 1089 (9th Cir.2000). *Yanow v. Weyerhaeuser,* 274 F.2d 274 (9th Cir. 1959), is not controlling because we expressly declined in that case to decide the issue of whether a motion for extension of time "should be treated as itself a motion for new trial." *Id.* at 283. Accordingly, we also lack jurisdiction to consider Appellants' claims grounded in Rule 59, *see Tillman,* 234 F.3d at 1089, namely the admission of the defense expert's testimony, the exclusion of testimony from one of Appellants' proposed fact witnesses, and whether the jury's verdict was against the manifest weight of the evidence. Those appeals are dismissed.

2. The district court did not abuse its discretion by denying the Appellants' Rule 60(b) motion for relief from the judgment based upon alleged newly discovered evidence. The court did not abuse its discretion in finding the proffered evidence inadmissible, as the majority of the evidence did not relate to Officer Benson and the facts differed from those at issue in this case. *See* Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible").

3. The district court did not abuse its discretion by denying the Appellants' Rule 60(b) motion for relief from the judgment based upon alleged discovery violations. A reasonable search was conducted, with no responsive documents found relating to complaints against Officer Benson.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.