Robert Anthony **RODRIGUEZ**, individually and on behalf of all others similarly situated, Plaintiff—Appellant,

v.

**MATCH.COM**, a Texas limited partnership, Defendant—Appellee.

No. 06–56828.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Anthony Rodriguez, pro se.

Adam Pines, Manatt Phelps & Phillips, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Robert Anthony Rodriguez appeals pro se from the district court's dismissal of his putative class action alleging various state law claims and from the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). We dismiss in part, reverse in part, and remand.

■ We do not consider Rodriguez's challenges to the underlying judgment be-

cause the notice of appeal was filed more than thirty days after entry of judgment and the Rule 60(b)(1) motion did not toll the time to appeal from the judgment. *See* Fed. R.App. P. 4(a)(1)(A), (a)(4)(A)(vi); *Reid Prods., Inc. v. Westport Ins. Corp.,* 400 F.3d 1118, 1119 (9th Cir.2005) (explaining that a Rule 60(b) motion filed more than ten days after entry of judgment does not toll the time to appeal from the judgment).

■ The district court abused its discretion by denying the Rule 60(b)(1) motion based on the three reasons set forth in Match.com's opposition, because none of those reasons provide a valid ground for denying the motion. *See Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753–54 (9th Cir.2002). First, the Local Rules of the Central District of California exempt pro se plaintiffs from the meet and confer requirement prior to filing motions. *See* C.D. Cal. R. 7–3, 16–12. Second, Rodriguez submitted admissible evidence of surprise. He submitted a motion declaring that he did not receive Match.com's motions to dismiss and strike until August 22, 2006, the date the district court granted the motions. The motion constituted admissible evidence because it was signed under penalty of perjury in substantial compliance with 28 U.S.C. § 1746. *See Schroeder v. McDonald,* 55 F.3d 454, 460 & n. 10 (9th Cir.1995) (concluding that a complaint signed under penalty of perjury constituted admissible evidence); *see also Laurino,* 279 F.3d at 753 (explaining that, under Rule 60(b), the court must accept as true the movant's factual statement). Third, Rodriguez was not required to provide a viable basis for vacating the judgment because the moving party under Rule 60(b)(1) is not required to present a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

meritorious claim or defense. *See, e.g., Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381–82 (9th Cir.1997) (per curiam).

Accordingly, we dismiss the appeal from the underlying judgment for lack of jurisdiction, reverse the district court's order denying the Rule 60(b)(1) motion, and remand for further proceedings. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir.2000).

Each party shall bear its own costs on appeal.

**DISMISSED in part, REVERSED in part, and REMANDED.**