**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CLASSIC CONCEPTS, INC., a
New Mexico Corporation,
*Plaintiff-Appellant*,

v.

LINEN SOURCE, INC., a Florida
Corporation; HELLENIC RUG
IMPORTS, INC., a New York
Corporation,
*Defendants-Appellees*.

No. 07-56870

D.C. No.
2:04-cv-08088-
GPS-MAN

OPINION

On Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted April 11, 2013*
Pasadena, California

Filed May 30, 2013

---

* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Stephen Reinhardt and Mary H. Murguia, Circuit Judges, and Jack Zouhary, District Judge.[**]

Opinion by Judge Zouhary;
Concurrence by Judge Reinhardt

---

## SUMMARY[***]

---

### Appellate Jurisdiction

Dismissing a civil appeal as untimely, the panel held that an untimely motion for reconsideration under Fed. R. Civ. P. 60(b) did not toll the time for filing a notice of appeal.

Judge Reinhardt concurred in the result.

---

### COUNSEL

Leo E. Lundberg, Jr., Surjit P. Soni  and Michael Danton Richardson, The Soni Law Firm, Pasadena, California, for Plaintiff-Appellant.

Todd Thibodo and Ankur Tarneja, Law Offices of Todd D. Thibodo, Encino, California, for Defendants-Appellees.

---

  [**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

  [***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**OPINION**

ZOUHARY, District Judge:

This copyright lawsuit arose when Plaintiff-Appellant Classic Concepts, Inc. ("Classic") filed complaints against Defendants-Appellees Hellenic Rug Imports, Inc. ("Hellenic") and Linen Source, Inc. ("Linen Source") (collectively, "Defendants"), alleging Defendants infringed Classic's "diamond kilim" design by selling rugs and other home goods bearing the design. In August 2007, after a ten-day trial, a jury found that Hellenic and Linen Source infringed Classic's copyright of the diamond kilim design and awarded Classic damages of $15,443 against Hellenic and $878 against Linen Source.

The district court invited input on what to include in a final judgment, and both parties briefed whether injunctive relief was appropriate. On September 28, 2007, the district court entered Judgment awarding damages against Hellenic and Linen Source, and *sub silentio* denying injunctive relief, as follows:

> In accordance with the Jury Verdict returned on August 23, 2007, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
>
> That Judgment is hereby entered against Defendant Linen Source, Inc. ("Linen Source") for copyright infringement of Plaintiff's "Diamond Kilim" design, Registration No. VA 1-254-214 (the "Design"), for which Linen Source shall pay Plaintiff $878.00 in damages. Linen Source

shall also pay prejudgment interest at the rate of 8.25% *per annum*.

That Judgment is hereby entered against Defendant Hellenic Rug Imports, Inc. ("Hellenic") for copyright infringement of Plaintiff's Design, for which Hellenic shall pay Plaintiff $11,096 as damages and $4,047 as lost profits for a total of $15,443.00. Hellenic shall also pay prejudgment interest at the rate of 8.25% *per annum*.

That Plaintiff is entitled to recover its costs.

On October 5, 2007, Defendants timely filed a renewed motion for judgment as a matter of law under Federal Civil Rule 50(b), as well as a timely motion for a new trial under Rule 59. The district court denied both motions on October 30, 2007. Classic then filed, without support in the Federal Civil Rules, a "Motion for a Permanent Injunction" on November 20, 2007. The district court construed the motion as one for reconsideration of the September 28 Judgment under Rule 60(b), and denied that motion on December 4, 2007. The district court noted Classic's request rehashed earlier briefing addressing the Judgment:

After the jury's verdict, the parties each submitted significant briefing setting forth their positions on the final form of the judgment. One of the key issues raised in this briefing was whether [Classic] was entitled to a permanent injunction. After reviewing all of these materials, the Court issued its Judgment on September 25, 2007. Because Plaintiff's

> present Motion addresses the same issue, it shall be treated as a motion for reconsideration pursuant to Local Rule 7-18 despite the fact that the original briefing was not in the form of a motion.

Classic then filed a notice of appeal on December 13, 2007.

This Court lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed. *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000). Ordinarily, a party must file a notice of appeal in a civil case within thirty days of entry of judgment under Federal Appellate Rule 4(a)(1). The filing of certain motions, however, tolls the running of that time period. The 2007 version of Federal Appellate Rule 4(a)(4)(A) provides:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

The district court denied Defendants' Rule 50(b) and Rule 59 motions on October 30, 2007, thereby triggering the thirty-day deadline set forth in Appellate Rule 4. Classic -- by the November 29 deadline -- filed neither a notice of appeal nor a request from the district court for an extension of time. Consequently, Classic's December 13, 2007 notice of appeal was untimely. *See Reid Prods., Inc. v. Westport Ins. Corp.*, 400 F.3d 1118, 1119 (9th Cir. 2005).

Classic's motion for a permanent injunction did not toll the time for filing a notice of appeal. Construing the motion for permanent injunction as a motion for reconsideration under Rule 60(b), as the district court did, Classic failed to file the motion within ten days[1] after entry of judgment under the 2007 version of Federal Appellate Rule 4. *See Catz v. Chalker*, 566 F.3d 839, 841 (9th Cir. 2009) (observing that under Federal Appellate Rule 4, a Rule 60 motion must be filed within ten days of judgment to toll time for appeal);

---

[1] The 2009 amendments to the Federal Rules of Appellate Procedure increased the time requirement to twenty-eight days. *See* Federal Appellate Rule 4(a)(4)(A)(vi). Even if this Court determined that retroactive application of the 2009 amendment is "just and practicable," Classic's November 20, 2007 motion for reconsideration remained untimely. *See* U.S. Supreme Court Order of March 26, 2009 at http://www.supremecourt.gov/orders/courtorders/frap09.pdf.

*Reid*, 400 F.3d at 1119 (holding that a late motion for reconsideration has no tolling effect); *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990) (holding that an untimely post-trial motion "does not toll time for appeal from, or affect the finality of, the original judgment").

Classic argues that the September 28, 2007 entry was not final because the district court did not explicitly adjudicate Classic's request for a permanent injunction, and cites cases standing for the proposition that a judgment is not final and appealable until all issues are addressed and adjudicated. This argument fails for several reasons.

First, the record indicates the district court entertained the injunctive relief request and extensive briefing on the subject prior to entering Judgment, and made the deliberate decision to deny *sub silentio* injunctive relief. There was nothing conditional about the Judgment, which ended the litigation on the merits.

Second, to the extent Classic believed the Judgment was lacking, the appropriate vehicle for relief was to file a motion to alter or amend within ten days[2] pursuant to Federal Civil Rule 59, not wait nearly two months to bring the issue to the district court's attention. Classic filed no such motion. If no time limit existed, litigants could never be certain a district judgment was final, leaving parties susceptible to new

---

[2] The 2009 amendments also increased this time period to twenty-eight days. *See* Federal Civil Rule 59(e). Again, even if this Court determined that retroactive application of the 2009 amendment to be "just and practicable," Classic's November 20, 2007 motion remained untimely. *See* U.S. Supreme Court Order of March 26, 2009 at http://www.supremecourt.gov/orders/courtorders/frap09.pdf.

motions attacking a judgment many months after the entry of judgment that appears in all respects to be final. Classic's ex post facto justification and misapprehension, in the face of dismissal, do not confer upon us jurisdiction where none exists.

Finally, Classic waived its appeal of the Rule 60(b) ruling because Classic did not address that ruling in its appellate briefing, instead addressing only the merits of its permanent injunction request. *See, e.g.*, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Unfortunately, the parties failed to examine the timeliness of this appeal, which has caused the needless expenditure of client and court resources. More troublesome is the fact that Classic's counsel was also the appellant's counsel of record in *Reid* where this Court dismissed the appeal as untimely, holding that a late motion for reconsideration had no tolling effect upon the notice of appeal deadline set forth in Rule 4. 400 F.3d at 1118. We lack jurisdiction, and this appeal is dismissed.

**DISMISSED.**

REINHARDT, Circuit Judge, concurring.

I concur in the result.