**NOT FOR PUBLICATION**

JUN 30 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FREDRIC SANAI, | No. 14-35039 |
| Plaintiff - Appellant. | D.C. No. 2:13-rd-00076-MJP |
| | MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Submitted June 7, 2016[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Appellant Fredric Sanai seeks reversal of the district court's imposition of

reciprocal discipline, following his unanimous disbarment by the Washington

Supreme Court.  We affirm.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional

requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Final judgment was

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

entered in Sanai's case on July 30, 2013. His notice of appeal was filed January 16, 2014. Moreover, Sanai's Rule 59 motion, filed September 5, 2013, was filed "later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b),(e). On this basis, some of our precedent holds that the district court was "without jurisdiction to consider" the untimely Rule 59 motion, *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000), despite the district court's attempt to toll "the 28-day filing period mandated by FRCP 59(e) . . . for 9 days."

Developments since *Tillman* suggest that the district court may have had the ability to toll the deadline for filing a Rule 59 motion because Rule 59 is a court-promulgated rule untethered to a statutory timeline. *See Bowles*, 551 U.S. at 210–11; *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 n.2 (9th Cir. 2008). Nevertheless, because of the non-adversarial nature of this appeal, we decline to consider whether our pre-*Bowles* precedents are still good law. Ultimately, it makes no difference to the outcome of Sanai's appeal: he loses either because the district court lacked jurisdiction or because Rules 6(b)(2) and Rule 59, working as "claims-processing rules," *Bowles*, 551 U.S. at 210, denied the

district court the discretion to entertain a late Rule 59 motion,[1] *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) ("[T]he district court has no discretion to consider a late rule 59 [motion]."); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] [59(e)]."); *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 261 n.5 (1978) ("Rule 6(b) prohibits enlargement of the time period prescribed in [Rule 59(e)].").

The judgment is **AFFIRMED**.

---

[1]Moreover, even if we reached the merits of the Rule 59 motion, we would affirm the district court.

3