**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUANE REED MOORE, | No. 20-16479 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02641-MCE-DMC |
| v. | |
| ROBERT W. FOX, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges

California state prisoner Duane Reed Moore appeals pro se from the district court's post-judgment order denying his motions for relief from judgment under Federal Rule of Civil Procedure 60(b) in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion. *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). We reverse and remand.

The district court denied Moore's second and third requests for reconsideration. However, Moore demonstrated in these motions that he experienced attorney abandonment, which can "constitute the extraordinary circumstances necessary to justify relief under Rule 60(b)(6)." *Foley v. Biter*, 793 F.3d 998, 1002 (9th Cir. 2015). We therefore remand to the district court to provide Moore with an opportunity to notify the court as to whether he is proceeding pro se or substituting in another attorney, and an opportunity to serve defendants.

We do not consider the district court's order dismissing Moore's action for failure to comply with a court order or its order denying Moore's first motion for reconsideration because Moore did not timely appeal from those orders. *See* Fed. R. App. P. 4(a) (notice of appeal must be filed within 30 days of the entry of judgment or the denial of certain post-judgment motions); *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) ("The court of appeals lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed.").

**REVERSED and REMANDED.**