NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONEY DARNELL LYNCH, | No. 20-17068 |
| Plaintiff-Appellant, | D.C. No. 1:09-cv-02097-AWI-HBK |
| v. | |
| JOHN OR JANE DOE, Warden, Pleasant Valley State Prison; JOHN DOE, Assistant Warden, Pleasant Valley State Prison; JOHN DOE, State Prison Commissioner; UNKNOWN CONSTRUCTION COMPANY, Constructor Of Medical/Lockup Facility; UNKNOWN "MUNICIPALITY", Authoritarian, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 14, 2023**

Before: SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Anthoney Darnell Lynch appeals pro se from the district court's post-judgment orders seeking reconsideration, counsel, and relief under Federal Rule of Civil Procedure 60(b)(6).  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion in denying Lynch's motions for relief from judgment and for reconsideration because Lynch failed to establish any basis for such relief.  *See Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) ("A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." (citation, internal quotation marks, and alteration omitted)); *Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for reconsideration).

The district court did not abuse its discretion in denying Lynch's motion for appointment of counsel because Lynch failed to establish exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel for indigent civil litigants).

We do not consider Lynch's contentions related to the district court's previous orders because Lynch did not timely appeal from those orders.  *See* Fed.

R. App. P. 4(a) (notice of appeal must be filed within 30 days of the entry of judgment or the denial of certain post-judgment motions); *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) ("The court of appeals lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed.").

We reject as unsupported by the record Lynch's contention that he was deprived of due process.

Lynch's motion for a stay of proceedings (Docket Entry No. 47) is denied.

**AFFIRMED.**