**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH RUDOLPH WOOD, III, *Petitioner-Appellant*, | No. 14-16380 |
| | D.C. No. 4:98-cv-00053-JGZ |
| v. | |
| CHARLES L. RYAN; TERRY L. STEWART, Director; GEORGE HERMAN, Warden, Arizona State Prison - Eyman Complex, *Respondents-Appellees*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 21, 2014[*]
San Francisco, California

Filed July 22, 2014

Before:  Sidney R. Thomas, Ronald M. Gould,
and Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

## SUMMARY[**]

### Death Penalty

The panel affirmed the district court's denial of motions by Arizona state prisoner Joseph Rudolph Wood, III, whose execution is set for July 23, 2014, for relief from judgment pursuant to Fed. R. Crim. P. 60(b), for a stay of execution, and to amend or alter judgment pursuant to Fed. R. Crim. P. 59(e).

The panel held that the district court did not abuse its discretion in denying the Rule 60(b) motion in which Wood, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), asserted he is entitled to relief from judgment based on post-conviction counsel's ineffective assistance, which prevented the district court from reaching the merits of three of his claims. The panel held the district court was without jurisdiction to consider Wood's claim regarding the denial of his motion for evidentiary development, which is in substance an unauthorized second or successive habeas petition.

The panel held that the district court did not abuse its discretion in denying Wood's Rule 59(e) motion, which merely asked the district court to reconsider the judgment entered the previous day on the Rule 60(b) motion.

The panel held that the district court did not abuse its discretion in denying Wood's motion for a stay of execution, and denied his request for a stay of execution from this court.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jon M. Sands, Federal Public Defender, Dale A. Baich & Jennifer Y. Garcia, Assistant Federal Public Defenders, District of Arizona, Phoenix Arizona; Julie S. Hall, Oracle, Arizona, for Petitioner-Appellant.

Thomas C. Horne, Attorney General, Jeffrey A. Zick, Chief Counsel, John Pressley Todd, Special Assistant Attorney General, Lacey Stover Gard & Jeffrey L. Sparks, Assistant Attorneys General, State of Arizona, Phoenix, Arizona, for Defendants-Appellees.

**OPINION**

PER CURIAM:

Joseph Wood, an Arizona state prisoner whose execution is set for July 23, 2014, appeals the district court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), his motion for a stay of execution, and his motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). We affirm.[1]

---

[1] The background is taken substantially from the district court order denying Wood's Rule 60(b) motion.

I

Wood shot and killed his estranged girlfriend, Debra Dietz, and her father, Eugene Dietz, in 1989.**[2]**  Following a jury trial, Wood was convicted of two counts of first degree murder and two counts of aggravated assault.  He was sentenced to death for each murder.  The Arizona Supreme Court affirmed the convictions and sentences in 1994.  *State v. Wood*, 881 P.2d 1158 (Ariz. 1994).  The United States Supreme Court denied certiorari in 1995.  *Wood v. Arizona*, 515 U.S. 1147 (1995).

Wood filed his first state petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure ("PCR") in 1992.  The trial court stayed the petition pending the outcome of the direct appeal to the Arizona Supreme Court.  He filed a new PCR petition in 1996.  The trial court denied the petition on June 6, 1997.  The Arizona Supreme Court denied a petition for review on November 14, 1997.

Wood filed a petition for writ of habeas corpus on February 3, 1998, and an amended petition on November 30, 1998.  On March 22, 2006, the district court issued an order addressing the procedural status of Wood's claims.  The court addressed the remaining claims on the merits and denied habeas relief in an order and judgment dated October 25, 2007.  Wood appealed to this Court.  In August 2012, Wood moved to remand the case to the district court, arguing pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that his

---

**[2]** The factual details are described in the Arizona Supreme Court's opinion on direct appeal.  *State v. Wood*, 881 P.2d 1158, 1165–66 (Ariz. 1994).

post-conviction counsel's ineffective performance constituted cause for the default of his ineffective assistance of counsel claims. We denied the motion. On September 10, 2012, we affirmed the district court's denial of habeas relief. *Wood v. Ryan*, 693 F.3d 1104 (9th Cir. 2012). The United States Supreme Court denied certiorari on October 7, 2013. *Wood v. Ryan*, 134 S. Ct. 239 (2013).

The State filed a motion for a warrant of execution on April 22, 2014. The warrant was granted on May 28, and execution was set for July 23, 2014.

On July 17, 2014, Wood filed in district court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion for a stay of execution. The district court denied the motions on July 20, 2014. Wood then filed a motion to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) on July 21, 2014, and requested a Certificate of Appealability as to the prior denial of the Rule 60(b) motion. The district court denied the Rule 59(e) motion on July 21, 2014, but granted a Certificate of Appealability as to both orders.

We review the district court's denial of Rule 60(b) and 59(e) motions under the deferential abuse of discretion standard. *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009) (Rule 60(b)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001) (Rule 59(e)).

II

The district court did not abuse its discretion in denying the Rule 60(b) motion. Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his

case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) permits reopening for "any . . . reason that justifies relief" other than the more specific reasons set out in Rule 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). The party seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Such circumstances "rarely occur in the habeas context." *Id.*

Citing *Martinez*, Wood asserts he is entitled to relief from judgment based on the ineffective assistance of his post-conviction counsel, which prevented the district court from reaching the merits of three of his claims. Wood contends that the *Martinez* decision is an extraordinary circumstance justifying relief as to his three procedurally defaulted claims. To prevail, Wood must show not only that the *Martinez* decision is an extraordinary circumstance justifying relief, but also that he can succeed under *Martinez*. *Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012).

We have carefully reviewed the district court opinion. Under our deferential standard of review, we cannot say that the district court abused its discretion in denying the Rule 60(b) motion substantially for the reasons stated in the district court opinion.

We also see no abuse of discretion in the district court's denial of Wood's claim regarding the denial of his motion for evidentiary development. Wood raised sentencing counsel's ineffectiveness in Claim X.C.3 of his habeas petition. The district court denied the ineffectiveness claim on the merits and also denied Wood's request for evidentiary development

as to that claim. We affirmed the district court's merits decision and denial of evidentiary development. *Wood*, 693 F.3d at 1122. Wood now argues that the denial of evidentiary development is an extraordinary circumstance justifying relief from judgment. The district court denied the Rule 60(b) motion as to this claim because it is in substance an unauthorized second or successive habeas petition, and we agree.

A Rule 60(b) motion is proper when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Wood argues that he is not challenging the substance of the district court's prior ineffectiveness ruling, but instead that he is challenging the denial of evidentiary development designed to substantiate that claim. However, a Rule 60(b) motion constitutes a second or successive petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied." *Gonzalez*, 545 U.S. at 531 (internal citation omitted); *see also Post v. Bradshaw*, 422 F.3d 419, 424–25 (6th Cir. 2005) ("all that matters is [whether petitioner] is seeking vindication of or advancing a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." (internal alterations and quotation marks omitted)). The substance of the claim Wood asserts was previously decided on the merits, and a Rule 60(b) motion that seeks leave to develop new evidence as to the claim must be denied as an unauthorized second or successive petition. *Gonzalez*, 545 U.S. at 531. Therefore, the district court was without jurisdiction to consider it. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals,

consider a second or successive habeas application." (internal quotation marks omitted)); *see also Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (determining that district court lacked jurisdiction to consider second or successive habeas application).

## III

The district court did not abuse its discretion in denying Wood's Rule 59(e) motion to alter or amend its judgment denying Rule 60(b) relief. In his motion, Wood reargued that the ineffectiveness of sentencing counsel issue was not an unauthorized second or successive petition. As the district court correctly observed, a Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Wood's Rule 59(e) motion merely asked the district court to reconsider the judgment it entered the previous day. The district court did not abuse its discretion in denying the motion.

## IV

Wood also seeks a stay of his execution from this court. "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments

without undue interference from the federal courts. Thus, like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (internal citations omitted). Wood has failed to show "a significant possibility of success on the merits." Additionally, the public interest in the enforcement of the judgment and the filing of the Rule 60(b) motion on the eve of the execution both weigh against issuing a stay. *See Cook v. Ryan*, 688 F.3d 598, 612–13 (9th Cir. 2012). We must therefore deny Wood's request for a stay.

V

The district court did not abuse its discretion in denying the Rule 60(b) motion, the Rule 59(e) motion, or the motion for a stay of execution. Wood also fails to meet the requirements for a stay of execution. The district court's judgment is affirmed. Wood's motion for a stay of execution is denied.

**AFFIRMED.**