**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. NYOKA LEE, AKA Seal 2; TALALA MSHUJA, AKA Seal 3,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CORINTHIAN COLLEGES, AKA Seal A; ERNST & YOUNG LLP, AKA Seal B; DAVID MOORE, AKA Seal C; JACK D. MASSIMINO, AKA Seal D,<br><br>Defendants - Appellees. | No. 13-55700<br><br>D.C. No. 2:07-cv-01984-PSG-MAN<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA, ex rel.,<br><br>Plaintiff,<br><br>And<br><br>SCOTT D. LEVY; SCOTT D. LEVY & ASSOCIATES, P.C.,<br><br>Plaintiffs - Appellants,<br><br>v. | No. 13-56121<br><br>D.C. No. 2:07-cv-01984-PSG-MAN |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CORINTHIAN COLLEGES, AKA Seal
A; ERNST & YOUNG LLP, AKA Seal B;
DAVID MOORE, AKA Seal C; JACK D.
MASSIMINO, AKA Seal D,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

In case number 13-55700, Nyoka Lee and Talala Mshuja ("Relators") appeal the district court's dismissal of their amended complaint alleging violations of the False Claims Act ("FCA") by Corinthian Colleges, Inc. ("Corinthian"), its former officers David Moore and Jack D. Massimino, and Ernst & Young, LLP ("EY") (collectively, "Defendants"). In case number 13-56121, Relators' attorney Scott D. Levy and his law firm appeal the district court's imposition of sanctions in the amount of Defendants' attorney's fees. We previously consolidated the cases for purposes of appeal. We affirm the district court's dismissal in no. 13-55700, but reverse the award of sanctions in no. 13-56121.

1. The district court concluded that it lacked jurisdiction over Relators' action because of the FCA's public disclosure bar. *See* 31 U.S.C. § 3730(e)(4)(A)

(2010). Relators alleged in their First Amended Complaint ("FAC") that Corinthian had falsely certified its compliance with the Higher Education Act while making unlawful incentive payments to recruiters. *See* 20 U.S.C. § 1094(a)(20). But a class action securities lawsuit filed in 2005 had previously made a substantially similar allegation of fraud against Corinthian. Once the allegations against Corinthian were public, the government had ready access to documents identifying EY as Corinthian's auditor, so the allegations against EY were also subject to the public disclosure bar. *See United States ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1019 (9th Cir. 1999). Further, Relators were not an "original source" of the information in their First Amended Complaint ("FAC") because they had no direct knowledge of whether Corinthian's decisions on compensation and raises were based solely on enrollment numbers. *See* 31 U.S.C. § 3730(e)(4)(B) (2010). The Relators' possession of reports comparing the "lead-to-conversion" ratios of each recruiter did not make them an original source.

Because Relators' allegations were previously publicly disclosed and they were not an "original source" of the information underlying their allegations, the district court correctly dismissed the case for lack of jurisdiction. 31 U.S.C. § 3730(e)(4)(A). Accordingly, we need not reach Relators' argument that the district court erroneously found some of their claims barred by the statute of limitations.

2. Relators' arguments contesting the district court's evidentiary and discovery rulings are also without merit. The district court did not abuse its discretion in striking an affidavit submitted by Lee after her deposition as a "sham affidavit" because it clearly contradicted her testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012). Relators cannot show that any of the district court's other discovery rulings should be overturned, because they have not identified any evidence they would have sought or presented that would have a "reasonable probability" of changing the outcome in this case. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

3. Although the district court was correct to dismiss the case, it abused its discretion in imposing nearly $1.5 million in sanctions against Levy and his law firm. Under 28 U.S.C. § 1927, a district court may sanction an attorney for "multipl[ying] the proceedings . . . unreasonably and vexatiously," including recklessly filing frivolous suits. 28 U.S.C. § 1927; *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002). Relators' case was not frivolous. In their first appeal to this court, we specifically held that Relators could amend their complaint to state a claim against Defendants, and we remanded to allow them to do so. *See United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 996–97, 999–1000 (9th Cir. 2011). Upon amendment, Relators made a plausible argument that newly

alleged information regarding "lead-to-conversion" ratios was material and not based on prior public disclosures. Though this argument was ultimately unconvincing, it was not frivolous. *See United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 579 (9th Cir. 2016) (holding that suits alleging "genuinely new and material information of fraud" can surmount the public disclosure bar). Further, the district court's finding that several of Levy's motions and filings were "vexatious" was without support in the record; there is nothing to suggest that Levy acted with intent to increase expenses or delay. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

4. The district court also issued sanctions under its inherent powers because Levy pursued the litigation for the "improper purpose" of extracting settlement. But the district court cited no evidence that Levy had any improper purpose, and the record reveals none. Because there is no support for the conclusion that Levy acted in "bad faith," this ground for sanctions also fails. *See Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1244 (9th Cir. 2016).

* * *

For the reasons explained above, we AFFIRM the district court's dismissal of Relators' FAC in no. 13-55700, but we REVERSE its order of sanctions against

5

Levy and his firm in no. 13-56121. We address Relators' motion to unseal in a separate order. Each party shall bear its own costs on appeal.

**AFFIRMED in 13-55700, REVERSED in 13-56121.**