**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES and STATE OF CALIFORNIA ex rel. DEREK HOGGETT and TAVIS GOOD,<br>*Plaintiffs-Appellants*,<br><br>v.<br><br>UNIVERSITY OF PHOENIX; APOLLO GROUP, INC.,<br>*Defendants-Appellees.* | No. 14-17492<br><br>D.C. No.<br>2:10-cv-02478-<br>MCE-EFB<br><br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

July 25, 2017

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Marvin J. Garbis,* District Judge.

Opinion by Judge Gould

---

*The Honorable Marvin J. Garbis, United States District Judge for
the District of Maryland, sitting by designation.

## SUMMARY[**]

### Appellate Jurisdiction

The panel dismissed as untimely relators' appeal from the dismissal of their *qui tam* suit under the False Claims Act.

The panel held that the relators' post-judgment motion, styled as a motion to alter or amend the judgment under Fed. R. Civ. P. 59, was in substance a motion only to stay entry of judgment and therefore did not toll the time to file a notice of appeal under Fed. R. App. P. 4(a)(4).

## COUNSEL

Daniel R. Bartley (argued), Bartley Law Offices, Campbell, California, for Plaintiffs-Appellants.

Jonathan C. Bunge (argued), Quinn Emanuel Urquhart & Sullivan LLP, Chicago, Illinois; Leonid Feller, Kirkland & Ellis LLP, Chicago, Illinois; Todd Michael Noonan, DLA Piper LLP, Sacramento, California; for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GOULD, Circuit Judge:

Relators Derek Hoggett and Tavis Good (collectively "Relators") appeal the district court's dismissal of their *qui tam* lawsuit against the University of Phoenix and the Apollo Group (collectively "UOPX"). Relators allege that UOPX violated the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, and the California False Claims Act, Cal. Gov't Code §§ 12650–12656, by knowingly submitting false certifications and making false statements to the government that it was complying with the recruiter incentive compensation ban in order to receive federal student financial aid funding under Title IV of the Higher Education Act (HEA). We conclude that their appeal is untimely, and we dismiss for lack of jurisdiction.

**I**

UOPX is one of the largest for-profit post-secondary education providers in the United States. It receives large amounts of money from the federal government in the form of Title IV student financial aid. In December 2009, UOPX entered into a settlement agreement for $67,500,000 with the United States and two relators, Mary Hendow and Julie Albertson, to settle a *qui tam* lawsuit involving allegations that UOPX violated the FCA by presenting claims to the government for payment in connection with Title IV programs. Settlement Agreement, *United States ex rel. Hendow v. Univ. of Phoenix*, No. 2:03-cv-00457-GEB-DAD (E.D. Cal. Dec. 16, 2009), ECF No. 345, Ex. A. The allegations asserted that UOPX falsely certified that it was in compliance with the HEA provision relating to incentive compensation, 20 U.S.C. § 1094(a)(20), and/or the

associated regulations, 34 C.F.R. § 668.14(b)(22).  *Id.* at 2.[1]
The settlement covered the period from March 1997 to
December 11, 2009, and did not include an
acknowledgment, admission, or concession of wrongdoing.
*Id.* at 2, 13–15.

Relators were enrollment counselors at UOPX during
part of the time period covered by the *Hendow* settlement
and after December 11, 2009.  On September 15, 2010,
Relators filed this suit, alleging that UOPX continued to
knowingly violate the incentive compensation ban after the
settlement period in *Hendow*.  The government declined to
intervene.

After discovery, UOPX filed a motion to dismiss
Relators' complaint for lack of jurisdiction.  On July 24,
2014, the district court dismissed the case with prejudice,
concluding that it did not have jurisdiction because of the

---

[1] To receive funds under Title IV of the HEA, "schools must enter
with the [Department of Education] into a Program Participation
Agreement, in which they agree to abide by a host of statutory,
regulatory, and contractual requirements." *United States ex rel. Lee v.
Corinthian Colls.*, 655 F.3d 984, 989 (9th Cir. 2011).  One of these
requirements is the "recruiter-incentive compensation ban, which
prohibits institutions from paying recruiters 'incentive payments' based
on the number of students they enroll." *Id.*  A safe harbor provision
"provides that an educational institution may, without violating the ban
on incentive compensation, provide 'payment of fixed compensation,
such as a fixed annual salary or a fixed hourly wage, as long as that
compensation is not adjusted up or down more than twice during any
twelve month period, and any adjustment is not based solely on the
number of students recruited, admitted, enrolled, or awarded financial
aid.'" *Id.* (quoting 34 C.F.R. § 668.14(b)(22)(ii)(A) (2010)).  This safe
harbor provision was eliminated effective July 2011, after this suit was
filed.  *Id.* at 989 n.1.

public disclosure bar.**[2]**  *See* 31 U.S.C. § 3730(e)(4).   On August 21, 2014, Relators filed a post-judgment motion captioned "Relators' Motion, Pursuant to FRCP Rule 59(e), to Stay the Order Dismissing and Final Judgment, Pending Ninth Circuit Court of Appeals Decision in the *United States ex rel. Lee v. Corinthian Colleges*."  The district court denied Relators' motion on November 18, 2014.  Relators filed a notice of appeal—as to both the dismissal of their case and the order denying their post-judgment motion—on December 14, 2014.

## II

"A timely notice of appeal is mandatory and jurisdictional."  *Bordallo v. Reyes*, 763 F.2d 1098, 1101 (9th Cir. 1985).  If an appeal is untimely, the Court of Appeals lacks jurisdiction and must dismiss the appeal.  *United States ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 953 (9th Cir. 2010).  We conclude that we lack jurisdiction to consider this appeal because it is untimely.

Ordinarily, if the government declines to intervene in a *qui tam* FCA action, the relator must file a notice of appeal within 30 days after the district court's entry of final

---

**[2]** The FCA's public disclosure bar was amended by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119, in March 2010. *See Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010).  Before those amendments, the public disclosure bar deprived federal courts of subject matter jurisdiction when the fraud had been publically disclosed, unless the relator was an "original source."  31 U.S.C. § 3730(e)(4)(A) (2006). We recently held that the 2010 amendments transformed the public disclosure bar from a jurisdictional bar into an affirmative defense. *See Prather v. AT&T, Inc.*, 847 F.3d 1097, 1103 (9th Cir. 2017).  Because we dismiss this appeal as untimely, we do not reach and address any effect that *Prather* may have had on this case.

judgment. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 937 (2009); Fed. R. App. P. 4(a)(1)(A). However, if a party files one of the motions listed in Federal Rule of Appellate Procedure (FRAP) 4(a)(4)(A), the time to file a notice of appeal is tolled during the motion's pendency. Relevant here, FRAP 4(a)(4)(A) includes motions to alter or amend the judgment under Federal Rule of Civil Procedure (FRCP) 59 so long as the motion is filed no later than 28 days after the entry of judgment. *See* Fed. R. App. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). If an FRCP 59 motion to alter or amend the judgment is timely filed, the time to file a notice of appeal begins to run "from the entry of the order disposing of" the FRCP 59 motion. Fed. R. App. P. 4(a)(4)(A).

Here, Relators filed a post-judgment motion—styled as a FRCP 59(e) motion—within 28 days after the entry of judgment, and filed the notice of appeal within 30 days after the district court denied that motion. Nonetheless, UOPX argues Relators' appeal was untimely. UOPX asserts that Relators' post-judgment motion, although styled as a Rule 59(e) motion, was in substance a motion only to stay the entry of judgment, which does not toll the time to file a notice of appeal. We agree.

A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.* (construing a motion styled as an FRCP 59(e) motion as an FRCP 60(a) motion because the court's amendment memorialized a prior oral ruling, and was thus a correction of a clerical error properly addressed under FRCP 60(a)). We must therefore look to the substance, not simply the title, of Relators' post-

judgment motion to determine whether it is in substance a motion to alter or amend the judgment.

"[A] postjudgment motion will be considered a Rule 59(e) motion [to alter or amend the judgment] where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)); *see also Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–69 (1988) (concluding that a post-judgment motion for costs styled as a motion to alter or amendment the judgment was not an FRCP 59(e) motion because "[a]ssessment of such costs [predicated on FRCP 54(d)] does not involve reconsideration of any aspect of the decision on the merits"). "[T]o alter or amend the judgment . . . requir[es] a 'substantive change of mind by the court.'" *Bordallo*, 763 F.2d at 1102 (quoting *Miller*, 709 F.2d at 527). A motion that does not request a substantive change of mind by the court is not an FRCP 59(e) motion to alter or amend the judgment. *See id.*

Here, Relators' motion did not argue for a substantive change in the district court's decision. Relators did not contend that the district court clearly erred, present the district court with newly discovered evidence, or assert an intervening change in the controlling law. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). In other words, Relators presented no ground upon which the district court *could* grant a motion to alter or amend its judgment. *See id.* ("A district court may grant a Rule 59(e) motion if it '"is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."'" (emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam))). Instead, Relators said they were asking the

district court to "amend" the order and judgment, but actually only asked for a stay until this court decided the then-pending appeal in *United States ex rel. Lee v. Corinthian Colleges*, Court of Appeals No. 13-55700.[3] We will "not strain to characterize artificially" a motion as something it is not, simply to keep an appeal alive. *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988). Relators' motion was not, in substance, an FRCP 59(e) request to alter or amend the judgment; it was a request to stay.

Relators' argument that they properly urged the district court to amend the substance of its decision by incorporating the arguments set forth in an amicus brief (filed in *Lee*) that Relators attached to their post-judgment motion is unpersuasive.    The post-judgment motion states:    "As reflected in [the attached] 30-page amicus curiae brief, the public disclosure bar is a strongly contested issue in the *Corinthian Colleges* case.  In its subject amicus brief filed in *Lee*, DOJ asserts, *inter alia,* that the lawsuits with similar allegations filed against other schools should not trigger the public disclosure bar."    Relators did not explain how the arguments made in the amicus brief applied to the district court's order, how that brief showed an intervening change in the law, or how those arguments or legal authorities showed that the district court erred.[4]

---

[3] This court issued a memorandum disposition in *United States ex rel. Lee v. Corinthian Colleges* on June 9, 2016, affirming the district court's dismissal for lack of subject matter jurisdiction.  652 F. App'x 503 (9th Cir. June 9, 2016).

[4] To the extent Relators assert that the amicus brief *itself* constitutes new legal authority presented to the district court, we reject this argument.  A brief—amicus or otherwise—is not legal authority.

**III**

We recognize that by looking to the substance of the motion and the relief requested, we place the burden "upon the party seeking to appeal the obligation to determine for itself whether a motion denominated as a[n FRCP] 59(e) motion does in fact fall within the parameters for which that rule is designed." *Fincher v. Keller Indus., Inc.*, 905 F.2d 691, 693 (3d Cir. 1990) (holding that a motion filed "as a Rule 59(e)" was not a motion to alter or amend the judgment and did not toll the time to file an appeal because the "motion for costs was wholly collateral to the judgment on the merits"). This result, however, is required by precedent from the Supreme Court and our circuit. *See, e.g.*, *Buchanan*, 485 U.S. at 266–69; *Miller*, 709 F.2d at 527.

Relators had options other than incorrectly calling a motion to stay a "Motion[] Pursuant to FRCP Rule 59(e)."[5] If Relators wanted the district court to consider our decision in *Lee*, they could have filed a motion in the district court seeking a stay of the case pending *Lee* before the district court entered its judgment.[6] *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent

---

[5] Although we note various courses of action Relators could have taken, we take no position on whether these motions, if filed, would have or should have been granted.

[6] The appeal in *Lee* was docketed more than a year before the district court entered its order and judgment in Relators' case. Indeed, the amicus brief that Relators wanted the district court to consider was filed almost eight months before the district court entered its order and judgment.

proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.").  The district court could have entered a stay under its authority to control its own docket "to provide for a just determination of the cases pending before it."  *Id.* at 864.

Alternatively, after the district court entered its order and judgment, Relators could have filed a timely notice of appeal and then filed a motion in this court to stay the appeal pending *Lee*.  They could also, of course, have simply allowed their appeal to proceed and argued that we should take *Lee* into consideration, once it was decided.[7]

Relators did not exercise any of these options.  Because their post-judgment motion did not ask for a substantive change to the district court's decision, it was not an FRCP 59(e) motion to alter or amend the judgment, regardless of its title.  Instead, it was a motion to stay, which does not toll the time for filing a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A).  Relators filed their notice of appeal as to the dismissal of their case almost four months too late.  We lack jurisdiction to consider it.[8]

**DISMISSED.**

---

[7]  If our decision in *Lee* issued after briefing concluded, Relators could have brought it to our attention by filing a 28(j) letter.  *See* Fed. R. App. P. 28(j).

[8] Relators did not raise any arguments relating to the denial of their post-judgment motion in their Opening Brief.  They have therefore waived any argument related to the district court's denial of that motion. *See, e.g.*, *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999) ("Arguments not raised in opening brief are waived.").