**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LEANTHONY T. WINSTON, | No. 25-972 |
| Petitioner - Appellant, | D.C. No. 1:24-cv-00837-JLT-HBK |
| v. | |
| B. M. TRATE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted December 17, 2025**

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Federal prisoner LeAnthony T. Winston appeals pro se from the district court's order disregarding his untimely objections to the findings and recommendation and motion to amend his 28 U.S.C. § 2241 habeas corpus

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by disregarding Winston's objections and his motion to amend. Winston's § 2241 petition alleged that Bureau of Prisons officials conspired to prevent his access to mail, phone, and legal materials and to segregate him, thereby unconstitutionally preventing him from challenging his criminal conviction. These claims are not cognizable under § 2241 because, even if successful, they would not "necessarily demonstrate the invalidity of [Winston's] confinement or [the] duration [of his sentence]." *Pinson v. Carvajal*, 69 F.4th 1059, 1071 (9th Cir. 2023). Winston's objections and motion to amend did not cure the jurisdictional deficiencies in his petition. Moreover, the district court did not abuse its discretion in declining to convert Winston's habeas petition into a civil rights action. *See id.* at 1075-76.

We do not consider the arguments and allegations Winston raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion to expedite is denied as moot. All other pending motions are denied.

**AFFIRMED.**

---

[1] Winston's notice of appeal was timely only as to the court's January 16, 2025, order, which addressed filings that did not toll the time to appeal under Federal Rule of Appellate Procedure 4(a)(4). *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107-09 (9th Cir. 2017) (court "look[s] to the substance of the motion and the relief requested" to determine whether it tolls the time to file a notice of appeal).