**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC, *Plaintiff-Appellant,* | No. 15-56607 |
| v. | D.C. No. 2:14-cv-08985-R-FFM |
| NIKE, INC., *Defendant-Appellee.* | OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 18, 2017[*]
San Francisco, California

Filed June 7, 2018

Before: Johnnie B. Rawlinson and Jacqueline H. Nguyen,
Circuit Judges, and Sarah S. Vance,[**] District Judge.

Opinion by Judge Rawlinson

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

## SUMMARY[***]

### Timely Appeal / Fed. R. Civ. P. 11 Sanctions

The panel dismissed for lack of jurisdiction plaintiff's appeal of the sanctions imposed under 28 U.S.C. § 1927, the vexatious litigant order, the denial of plaintiff's motion to strike, the denial of plaintiff's application for default, and the dismissal of the amended complaint; and affirmed the district court's order imposing fees as sanctions under Fed. R. Civ. P. 11.

The panel dismissed plaintiffs' appeal as to the sanctions imposed under § 1927, the vexatious litigant order, the denial of plaintiff's motion to strike and the denial of plaintiff's application for default because those matters were not included in the notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B).

The district court did not enter a separate judgment after it dismissed plaintiff's amended complaint on February 18, 2015, and judgment was deemed entered on July 15, 2015, pursuant to Fed. R. Civ. P. 58 and Fed. R. App. P. 4(a)(7)(A)(ii). Plaintiff filed the notice of appeal on October 15, 2015. One day after the district court dismissed the amended complaint, plaintiff filed a motion for reconsideration.

The panel dismissed the amended complaint because the notice of appeal was untimely. The panel concluded that

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plaintiff's premature filing of a post-judgment motion did not extend the otherwise applicable appeal period.

The panel deferred to the district court's factual findings as to whether plaintiff's filings were sufficiently frivolous or abusive such that Rule 11 sanctions were appropriate, and affirmed the sanctions order because the findings were amply supported by the record.

## COUNSEL

Benjamin Woodhouse, Pismo Beach, California, for Plaintiff-Appellant.

Sean S. Twomey, Gibson Dunn & Crutcher LLP, Irvine, California; Austin Schwing, Gibson Dunn & Crutcher LLP, San Francisco, California; for Defendant-Appellee.

## OPINION

RAWLINSON, Circuit Judge:

This appeal is the latest in an ongoing and bizarre dispute between Havensight Capital LLC (Havensight) and Nike, Inc. (Nike). Throughout these proceedings, Havensight has portrayed its action as a battle between David and Goliath. In reality, however, it is more akin to Don Quixote's tilting at windmills.

The action from which this appeal was brought concerns allegedly wrongful conduct by Nike against Havensight (the tortious interference action). The tortious interference action

was filed after Havensight's prior action against Nike, alleging infringement upon a soccer brand owned by Havensight (the infringement action), was dismissed with prejudice.

## I.  BACKGROUND

Although the prior action is not before us on appeal, the two cases are somewhat intertwined.  Havensight's infringement action was dismissed with prejudice on November 19, 2014.  The following day, Havensight filed the tortious interference action, and six days later filed its Amended Complaint.[1]  Attached to the Amended Complaint was an affidavit purportedly reflecting an interview of a sporting goods retailer who reported that Nike used its market strength to force retailers to purchase its goods, thereby excluding competitors like Havensight.  After the tortious interference action was reassigned to the same judge who presided over the infringement action, Nike filed a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6).[2]

---

[1] Havensight alleged six causes of action: (1) intentional interference with contractual relations; (2) intentional interference with prospective economic relations; (3) negligence; (4) vertical and horizontal price fixing; (5) civil RICO (Racketeer Influenced and Corrupt Organizations) under California law; and (6) unfair competition and trade practices.

[2] Rule 12(b)(6) provides:  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:  . . . failure to state a claim upon which relief can be granted. . ."  Fed. R. Civ. P. 12(b)(6).

At this juncture, Havensight departed sharply from ordinary procedure, filing multiple motions for default on the basis that Nike's motion to dismiss was untimely. Before the district court could rule on the motions, Havensight filed a writ of execution with the Clerk of the Court, claiming a default judgment in excess of $600 million. Of course, because Nike had timely filed its motion in lieu of an answer, no default judgment was warranted, and the district court ordered the writ of execution stricken.

Nike subsequently filed a Motion for Relief Regarding [Havensight's counsel's] Ethical Violations. Undeterred, Havensight moved to recuse the assigned judge from the tortious interference action and from the (dismissed) infringement action. The judge assigned to Havensight's recusal motions denied both. Nike subsequently sought sanctions under Rule 11 of the Federal Rules of Civil Procedure (Rule 11)[3]

---

[3] Rule 11 provides in pertinent part:

. . .

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

due to Havensight's false and frivolous filings.

On February 18, 2015, the district court granted Nike's motion to dismiss the Amended Complaint without leave to amend, and imposed sanctions under Rule 11 against Havensight's counsel in the form of attorneys' fees and expenses. No separate judgment was entered for this order. The following day, Havensight filed a motion to vacate the

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11.

dismissal and the Rule 11 sanctions (motion for reconsideration). Included in Havensight's motion was yet another motion to recuse the judge who decided the earlier recusal motions. Although the judge had previously requested that Havensight refrain from filing further recusal motions, Havensight decided to Just Do It. Understandably, the court did not look favorably upon Havensight's audacity, and denied the motion on April 22, 2015, while issuing an order to show cause why additional sanctions should not be imposed under Rule 11 and 28 U.S.C. § 1927.[4] These sanctions were imposed on March 31, 2015.

The district court entered a separate order declaring Havensight to be a vexatious litigant, and Nike moved for attorneys' fees and costs pursuant to the Rule 11 sanctions imposed in the February 18 order. The district court granted Nike's motion in full in an order entered on September 22, 2015.

Havensight filed its Notice of Appeal on October 15, 2015. In its notice, Havensight referenced only the dismissal of the Amended Complaint and the granting of the Rule 11 sanctions. Havensight now seeks to expand the scope of rulings of its appeal to include the additional sanctions imposed under 28 U.S.C. § 1927, the vexatious litigant order, the denial of Havensight's motion to strike "Nike's alleged illegal deposition and felonious entry of a confidential

---

[4] 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

customer communication into the public record," and denial of Havensight's Application for Default.

## II.  DISCUSSION

### A.  Standards of Review

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017).   A district court's denial of a motion for leave to amend, denial of a motion for reconsideration, imposition of sanctions under Rule 11 and 28 U.S.C. § 1927, and characterization of a party as a vexatious litigant are all reviewed for abuse of discretion.  *See Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016) (denial of motion for reconsideration);  *De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1076 (9th Cir. 2011) (imposition of sanctions);  *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (characterization of party as a vexatious litigant).

### B.  Jurisdiction

"We have jurisdiction to determine our own jurisdiction." *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017) (citation omitted).  However, we lack jurisdiction to decide an appeal if the notice of appeal is not timely filed under Rule 4 of the Federal Rules of Appellate Procedure (Rule 4) and the appellee raises the untimeliness as a basis for dismissal. *See Hamer v. Neighborhood Hous. Serv. Of Chicago*, 138 S.Ct. 13, 16–17 (2017);  *see also Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1284 (9th Cir. 2013).  We similarly lack jurisdiction over matters not included in the

Notice of Appeal.  *See Smith v. Barry*, 502 U.S. 244, 248 (1992).

Rule 4 requires the notice of appeal to be filed "within thirty days after the entry" of the judgment or order being appealed.  *Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018).  If the district court did not enter a separate judgment, judgment is deemed entered 150 days after "entry of the

judgment or order in the civil docket."  FRAP 4(a)(7)(A)(ii).

### 1.  Matters Not Included in the Notice of Appeal

Rule 3 of the Federal Rule of Appellate Procedure provides that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." FRAP 3(c)(1)(B).  "When a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake."  *West v. United States*, 853 F.3d 520, 523 (9th Cir. 2017) (citation and internal quotation marks omitted).

Havensight's notice of appeal named "the order, and sanctions imposed against the Plaintiff by the Court," referenced "document[s] 123 [order granting Rule 11 sanctions] and 124 [order granting defendant's motion to dismiss the Amended Complaint]," and attached the orders as exhibits.  No intent to appeal any other rulings can reasonably be inferred from Havensight's notice of appeal.  *See id*. Accordingly, Havensight's appeal is dismissed as to the sanctions imposed under § 1927, the vexatious litigant order, the denial of Havensight's motion to strike and the denial of

Havensight's Application for Default. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 n.2 (9th Cir. 2011).

### 2.  Dismissal of the Amended Complaint

The district court did not enter a separate judgment after it dismissed Havensight's Amended Complaint on February 18, 2015.  Judgment was therefore deemed entered on July 18, 2015, pursuant to Rule 58 of the Federal Rules of Civil Procedure (Rule 58).[5]  Ordinarily, this analysis would resolve the matter—if Havensight filed its notice of appeal after July 18, we would lack jurisdiction to hear the appeal.

---

[5] Rule 58 of the Federal Rules of Civil Procedure provides in pertinent part:

> (a) Separate Document.  Every judgment and amended judgment must be set out in a separate document . . .
>
> . . .
>
> (c) Time of Entry.   For purposes of these rules, judgment is entered at the following times:
>
> > (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
> >
> > (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
> >
> > > (A) it is set out in a separate document; or
> > >
> > > (B) 150 days have run from the entry in the civil docket.

Fed. R. Civ. P. 58(a), (c).

*See Classic Concepts*, 716 F.3d at 1284. Indeed, Havensight filed its notice of appeal on October 15, well after judgment was deemed entered.

This case, however, presents an unusual wrinkle. One day after the district court dismissed the Amended Complaint, Havensight filed a motion for reconsideration. When a party files a motion for reconsideration, the time period to appeal is tolled pending resolution of that motion. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107–08 (9th Cir. 2017) ("[I]f a party files one of the motions listed in [Rule] 4(a)(4)(A), the time to file a notice of appeal is tolled during the motion's pendency. . . ."). Included within this category of motions is a motion to alter or amend the judgment. *Id.* at 1107; *see also* FRAP 4(a)(4)(A)(iv). The title of the pleading does not control this determination. Rather, we "look to the substance" of the pleading "to determine whether it is in substance a motion to alter or amend the judgment." *Hoggett,* 863 F.3d at 1108. If the motion "involves reconsideration of matters properly encompassed in a decision on the merits," it is properly characterized as a motion to alter or amend the judgment under Rule 4(a). *Id.* (citations and internal quotation marks omitted).

Although Havensight styled its pleading as a motion to vacate the judgment and re-open the case, the motion actually sought reconsideration of the district court's decision on the merits as contemplated in Rule 4(a). *See id.* However, the difficulty in applying Rule 4(a) in this case stems from the fact that the motion that would ordinarily toll the time for filing the notice of appeal was resolved prior to entry of the underlying judgment. The proceedings evolved along the following timeline:

•   Dismissal of Amended Complaint – February 18, 2015

•   Filing of Motion for Reconsideration – February 19, 2015

•   Denial of Motion for Reconsideration – April 22, 2015

•   Judgment deemed entered pursuant to Rule 4(a)(7)(A)(ii) – July 18, 2015

We have not previously addressed this precise scenario. More typically, we are called upon to address the timeliness of an appeal when a pending motion for reconsideration is being relied upon to extend the appeal period. *See, e.g.*, *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). In this case, however, there was no motion for reconsideration pending when the judgment was deemed entered pursuant to Rule 4(a)(7)(A)(ii). But, if Rule 4 is interpreted as tolling the appeal period for the sixty-two days during which the motion for reconsideration was pending, the appeal period would expire on October 18, 2015, after adding the thirty days provided for in Rule 4(a)(1)(A) (providing that the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from"), rendering Havensight's October 15 notice of appeal timely. *See Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (noting that the appellant had "180 days (150 days plus 30 days) from entry of the order" within which to appeal when appealing "a judgment entered by operation of [Rule] 4(a)(7)").

Although not directly on point, our decision in *ABF Capital Corp. v. Osley*, 414 F.3d 1061 (9th Cir. 2005), is instructive on the interplay between Rule 58 and Rule 4. In *ABF Capital*, orders of dismissal were entered on April 10, 2003, and April 11, 2003, respectively. *See id*. at 1064.

When ABF Capital (ABF) moved to alter or amend the judgments, the district court construed the motions as ones to reconsider because no judgments had yet been entered. *See id*. The district court denied the motions in minute orders entered on May 15, 2003, and on July 30, 2003, ABF filed notices of appeal for both cases. *See id.*

Because the court never set forth judgments in a separate document as provided in Rule 58, ABF had 180 days to appeal. *See id.* Although ABF filed its notices of appeal within that 180-day period, the Appellees urged the court to declare ABF's appeal untimely due to ABF's premature filing of a motion to alter or amend the judgments. Appellees contended that "the 180-day timetable was shortened" by the filing of the premature motion. *See id.* In rejecting this argument, we noted that the separate document requirement serves to inform the parties with precision "when judgment has been entered and when they must begin preparing post-verdict motions or an appeal." *Id.* (citation omitted). We noted that accelerating the appeal period due to the filing of a premature motion to alter or amend the judgments would not be consistent with the considered interplay between Rule 58 and Rule 4, and would lessen the degree of certainty that was the goal of the Advisory Committee when amending the rules. *See id.* at 1064–65.

Because the district court decided Havensight's motion on April 22, 2015, we are presented with a question not often encountered: when an appellant files a post-judgment motion that is resolved before entry of the underlying judgment, is the time period to file a notice of appeal extended? In *ABF*, we held that a "premature post-judgment motion may not accelerate the deadline for appeal before a separate judgment has been entered." *Id.* at 1065. We see no principled basis

for reaching a different outcome in the converse scenario: when an Appellant seeks to lengthen the period for appeal due to the filing of a premature post-judgment motion.

Although a litigant is not to be penalized for prematurely filing a post-judgment motion, neither should it gain a tactical advantage by doing so. Nor does anything in the text of Rule 4 suggest otherwise. Accordingly, we apply the same rationale we articulated in *ABF* to conclude that Havensight's premature filing of the post-judgment motion did not extend the otherwise applicable appeal period.

The district court's judgment was deemed entered on July 18, 150 days after its February 18 order dismissing the Amended Complaint. Although Havensight filed a motion for reconsideration on February 19, the motion was resolved on April 22, well before judgment was deemed entered. Thus, Havensight had thirty days from the entry of judgment, or until August 17, to file its notice of appeal. *See* FRAP 4(a)(1)(A). Nevertheless, Havensight failed to file its notice of appeal until October 15, nearly two months later. Havensight's appeal is therefore untimely, and we dismiss for lack of jurisdiction its appeal challenging dismissal of the Amended Complaint. *See Classic Concepts*, 716 F.3d at 1284; *see also Hamer*, 138 S.Ct. at 16–17.

## C.  Imposition of Rule 11 Sanctions

The district court issued its order granting Nike attorneys' fees as a sanction under Rule 11 on September 22, 2015. This is the only issue for which Havensight's October 15 appeal was timely.

"District courts can use Rule 11 to impose sanctions on any party that files a motion for an improper purpose or who does so without a legal or factual basis." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (citation and internal quotation marks omitted).

We defer to the trial court's factual findings as to whether a litigant's filings are sufficiently frivolous or abusive such that Rule 11 sanctions would appropriately deter future malfeasance. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (noting that "[t]he district court has broad fact-finding powers with respect to sanctions, and its findings warrant great deference") (citation and internal quotation marks omitted). Here, use of Rule 11 sanctions was properly within the district court's discretion. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630, n.4 (9th Cir. 2017) (noting that a court may award attorneys' fees and costs "associated with sanctions proceedings" under Rule 11). As discussed, Havensight filed numerous and voluminous motions despite specific warnings to desist filing these needless pleadings. The district court's findings were amply supported by the record, and its sanctions order is affirmed. *See id*.

## III. CONCLUSION

Havensight's appeal of the sanctions imposed under 28 U.S.C. § 1297, the vexatious litigant order, the denial of Havensight's motion to strike, the denial of Havensight's Application for Default, and the dismissal of the Amended Complaint, is DISMISSED for lack of jurisdiction. The order imposing fees as sanctions under Rule 11 is AFFIRMED.

**DISMISSED in part and AFFIRMED in part.**