NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO E. GALAN SEGURA, individually and on behalf of all other similarly situated current and former employees of Defendants in the State of California, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CRST VAN EXPEDITED, INC., an Iowa Corporation; DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No. 16-56708 <br><br> D.C. No. 5:12-cv-01901-TJH-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Roberto E. Galan Segura appeals from the district court's summary

judgment in his diversity action alleging wage and hour claims under California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

law. We have jurisdiction to determine our own jurisdiction. *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). We dismiss the appeal for lack of jurisdiction.

The district court entered an order granting summary judgment for defendant on March 4, 2016, but the judgment was not set out in a separate document. Therefore, Segura's notice of appeal as to this summary judgment order was due on August 31, 2016. *See* Fed. R. Civ. P. 58(c) (if a separate document is required, judgment is entered the earlier of when it is set out in a separate document or when 150 days have run from the entry of the judgment in the civil docket); Fed. R. App. 4(a)(1)(A) (notice of appeal must be filed within thirty days after entry of the judgment appealed from); *see also* 28 U.S.C. § 2107(a). Because Segura's notice of appeal, filed on November 14, 2016, was untimely, we lack jurisdiction over Segura's appeal of the district court's summary judgment order. *See Havensight*, 891 F.3d at 1172-74 (when an appellant files a premature post-judgment motion that is resolved before entry of the underlying judgment, such motion does not extend the otherwise applicable appeal period); *see also Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) (failure to comply with the jurisdictional time to appeal in a civil action deprives a court of adjudicatory authority over the case, necessitating dismissal).

We lack jurisdiction over Segura's appeal of the district court's order

16-56708

denying his motion for reconsideration because the notice of appeal is untimely as to that order. *See* Fed. R. Civ. P. 58(a) (a separate document is not required for an order disposing of a motion under Fed. R. Civ. P. 59 or 60); Fed. R. App. P. 4(a)(1)(A).

Segura's requests to discard defendant CRST Van Expedited, Inc.'s Fed. R. App. P. 28(j) letter and for a hearing date, set forth in his response to the Rule 28(j) letter (Docket Entry No. 54), are denied.

**DISMISSED.**

16-56708