NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

SEP 12 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUPERIOR CONSULTING SERVICES, INC., D/B/A YOUR FUTURE HEALTH AND D/B/A/ YFH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JENNIFER L. STEEVES-KISS, <br><br> Defendant-Appellee. | No.  18-15408 <br><br> D.C. No. 3:17-cv-06059-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 10, 2019[**]
San Francisco, California

Before:  WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Superior Consulting Services ("Superior") appeals the district court's

dismissal with prejudice of its First Amended Complaint for common law unfair

competition and conversion, as well as the district court's order imposing sanctions

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 11. Reviewing de novo the district court's dismissal under Rule 12(b)(6), *see Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019), and for abuse of discretion the questions whether the district court erred in choosing not to grant leave to amend or in imposing sanctions under Rule 11, *see United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (leave to amend); *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) (sanctions), we affirm.

1. The district court properly considered the existence of Superior's confidentiality agreement ("Agreement") with Procter & Gamble ("P&G") in ruling on the motion to dismiss, and doing so did not convert the ruling into one on summary judgment. *See* Fed R. Civ. P. 12(d). The Agreement was properly deemed incorporated by reference, because Superior's First Amended Complaint explicitly refers to the Agreement, and the Agreement "forms the basis of [Superior's] claims." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's

2

relevance.").

2. The district court properly granted Steeves-Kiss's motion to dismiss. Superior's claims for common law unfair competition and common law civil theft, as alleged in its First Amended Complaint, rely on the confidential nature of the information that Steeves-Kiss allegedly used or misappropriated.  If the Agreement between Superior and P&G applied to Steeves-Kiss as an employee of P&G, it expressly allowed Steeves-Kiss to use or reveal any information shared under the Agreement after five years, and thus authorized her to use and reveal the information at issue here when she allegedly did.  But even if the Agreement did *not* apply to Steeves-Kiss, the information would then have been revealed to her outside a confidentiality agreement, and thus would have lost any arguably confidential nature.

3. The district court did not abuse its discretion in dismissing Superior's First Amended Complaint with prejudice.  The district court made an implicit finding that any further amendment would be futile, particularly in light of the Agreement and the lack of any arguably confidential or otherwise protected information at issue.  And Superior has not, on appeal, pointed to any specific factual allegations or caselaw that support the new claims it now tries to assert.

4. The district court did not abuse its discretion in imposing sanctions under Rule 11.  The court acted within its discretion in concluding that Superior's failure

3

to attach or to fully explain the terms of the Agreement—and specifically the fact that its confidentiality requirements expired after five years—was misleading in light of the reliance by the Complaint and First Amended Complaint (collectively, the "Complaint") on the Agreement, and that the Complaint lacked factual support as a result. A court's finding that a complaint is factually misleading is sufficient to support Rule 11 sanctions. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002); Fed R. Civ. P. 11(b)(3). The district court's additional statement that sanctions were warranted because the Complaint "contained no colorable basis to support a property right" conveyed the determination that the Complaint was also legally frivolous. Superior argues that the district court failed to consider whether its attorneys had "conducted a reasonable and competent inquiry," which is required to support Rule 11 sanctions for frivolousness. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). But because the Complaint was both baseless and misleading, it necessarily follows that the inquiry that preceded its filing was not "competent." This was especially egregious because Steeves-Kiss had alerted Superior to the language of the Agreement after the initial Complaint was filed, but Superior continued to describe it in a misleading manner in the First Amended Complaint.

5. The court also did not abuse its discretion by determining that the sanction

should be paid to Steeves-Kiss, that its amount should be a portion of her claimed attorney's fees and expenses, and that there was no need for an evidentiary hearing on these issues. The district court implicitly concluded that nothing short of "payment to [Steeves-Kiss] of . . . all of the reasonable attorney's fees and other expenses directly resulting from the violation" would adequately deter future similar conduct. *See* Fed R. Civ. P. 11(c)(4). That conclusion was supported by the unusually misleading nature of the Complaint as by well as the district court's finding that it may have been filed for an improper purpose. And the fee was properly limited to "reasonable" expenses that had "directly result[ed] from the violation." *Id.* Superior has not established how Steeves-Kiss's possible indemnification by Shaklee Corporation has any bearing on whether fees were appropriately awarded as a sanction under Rule 11, or on the proper amount of those fees. The district court did not abuse its discretion by concluding that it could resolve the purely legal indemnification issue, and that it could determine an appropriate amount of sanctions, without an evidentiary hearing.

**AFFIRMED.**