NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAUNAK SAYTA,

    Plaintiff-counter-
    defendant-Appellant,

  v.

BENJAMIN MARTIN,

    Defendant-counter-claimant-
    Appellee.

No.   18-17090

D.C. No. 3:16-cv-03775-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted February 6, 2020[**]
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and ADELMAN,[***] District Judge.

Shaunak Sayta appeals the district court's confirmation of an arbitration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

award, award of attorney's fees, and entry of judgment in favor of his former lawyer Benjamin Martin. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

1.  We lack jurisdiction over Sayta's appeal from the magistrate judge's February 2017 order confirming the first JAMS arbitration award because that order is outside the scope of Sayta's notice of appeal. *See* Fed. R. App. P. 3(c) (describing required contents of notice of appeal); *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). Thus, we dismiss Sayta's appeal from the February 2017 order confirming the first JAMS arbitration award.

2.  Sayta argues that the magistrate judge erred in confirming the second JAMS arbitration award from June 2018 because (1) the arbitrator exceeded his power by awarding costs to Martin in the second JAMS award; (2) the JAMS arbitrator lacked jurisdiction to issue the second JAMS award because the arbitration clause in the parties' agreement was "void" since Sayta had elected to "void" the parties' agreement; and (3) the arbitrator improperly dismissed his claims as barred by the doctrine of res judicata. None of these arguments have merit.

First, Sayta waived his right to challenge the arbitrator's award of costs in the second JAMS award by failing to raise this argument in the district court. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005). Second, Sayta initiated the second JAMS arbitration, not Martin. As the party who initially

2

requested arbitration, Sayta has waived the right to challenge the enforceability of the arbitration provision or the authority of the arbitrator after receiving an unfavorable result. *See Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1440 (9th Cir. 1994).

Finally, to the extent the arbitrator erred by dismissing Sayta's state law claims as barred by the doctrine of res judicata, it was harmless because two alternative grounds support the dismissal of Sayta's state law claims—first, the arbitrator's conclusion that all of Sayta's claims were barred by the applicable statute of limitations and second, the arbitrator's conclusion that Sayta forfeited his state law claims by failing to raise them in the first JAMS arbitration pursuant to various JAMS rules. Because Sayta does not challenge these two alternative grounds, which support the arbitrator's dismissal of his claims, Sayta waived the right to challenge the two alternative grounds on appeal.

**DISMISSED in part, AFFIRMED in part.**