NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANA GLOBAL COMPANY, a sole proprietorship company; HAFID TAHRAOUI, an individual, | No. 21-35537 |
| | D.C. No. 2:21-cv-00637-RSM |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| KING COUNTY, a charter county of the State of Washington; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 12, 2021**

Before: TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Hafid Tahraoui[1] appeals pro se from the district court's order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Appellant Amana Global Company is represented by appellant Tahraoui in his pro se capacity (appellants are collectively referred to herein as "Tahraoui"). *See Sharemaster v. SEC*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (an individual owner

motion for emergency injunctive relief in his action alleging constitutional and statutory claims arising from eminent domain proceedings. We have jurisdiction to determine our own jurisdiction. *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). We dismiss for lack of jurisdiction.

We lack jurisdiction to review the district court's order denying Tahraoui's second motion for emergency injunctive relief because this motion was based upon the identical factual circumstances already addressed by the district court in its order denying Tahraoui's first motion for emergency injunctive relief. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1418 n.4 (9th Cir. 1984) (denial of motion to reconsider a request for an injunction is appealable only if the motion is based on new matters that have occurred following the district court's initial order addressing the injunction); *see also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (a motion that merely seeks to relitigate a request for injunctive relief that has already been decided is not a motion to modify an injunction for purposes of 28 U.S.C. § 1292(a)(1)).

**DISMISSED.**

---

may represent his sole proprietorship in a pro se capacity because a sole proprietorship has no legal existence apart from its owner).

21-35537