NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MITCHELL SIEGEL; DAWN SIEGEL, Plaintiffs, and ELIZABETH D. TATE, Appellant, v. DIGNITY HEALTH, DBA Chandler Regional Medical Center, DBA Gilbert Mercy Medical Center, Defendant-Appellee. | No.   20-15485 D.C. No. 2:14-cv-02561-SPL MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 15, 2021[**]
Phoenix, Arizona

Before:  CLIFTON, BRESS, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Elizabeth Tate appeals the district court's order imposing sanctions under 28 U.S.C. § 1927. She argues that the district court abused its discretion by (1) awarding any sanctions at all, and, alternatively, (2) awarding sanctions in the amount of $8,814.75. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

First, the district court reasonably imposed sanctions under 28 U.S.C. § 1927. *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) ("A district court's … imposition of sanctions under … 28 U.S.C. § 1927, and characterization of a party as a vexatious litigant are … reviewed for abuse of discretion."). "Pursuant to 28 U.S.C. § 1927, any attorney … who so multiplies the proceedings … unreasonably and vexatiously may be required … to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *In re Girardi*, 611 F.3d 1027, 1060 (9th Cir. 2010) (internal alterations and quotation marks omitted). We do not remand for express findings of bad faith under § 1927 if the record otherwise supports a finding that an attorney's conduct amounted to knowing or reckless conduct. *See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

Here, the record supports the district court's imposition of sanctions given Tate's continued violations of court orders and inability to comply with required

---

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

procedures. Especially after the Pretrial Conference, Tate knew that she needed to meet court deadlines, communicate timely with opposing counsel, and comply with the Pretrial Conference Order. Despite this, she continued to violate court orders by her late and inadequate submission of her opening statement outline. Tate's arguments to the contrary misconstrue the standard under § 1927 and downplay her conduct in the district court. Thus, the district court did not abuse its discretion when it imposed sanctions under § 1927. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106–07 (9th Cir. 2002), *as amended* (Feb. 20, 2002).

The $8,814.75 amount awarded by the district court was also reasonable. *See Havensight Cap. LLC*, 891 F.3d at 1171. The reasonableness of the award is bolstered by the fact that the district court repeatedly avoided harsher sanctions despite Tate's failure to comply with court orders and the fact that the court reduced Dignity Health's requested fees by nearly half.

**AFFIRMED.**