**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL DELACRUZ, Sr.,

        Plaintiff-Appellant,

  v.

STATE BAR OF CALIFORNIA, a
California public entity, et al.,

        Defendants-Appellees.

No.    20-16433

D.C. No. 5:19-cv-03241-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 15, 2022[**]

Before:  D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

    Daniel Delacruz, Sr., appeals pro se the district court's orders dismissing his

RICO action against the State Bar of California and other defendants.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim and for lack of jurisdiction. *Pirani v. Slack Techs., Inc.*, 13 F.4th 940, 946 (9th Cir. 2021) (citations omitted). We affirm.

The district court properly dismissed Delacruz's claims against the State Bar as barred by the Eleventh Amendment. *See Hirsch v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam). The district court properly ruled that Delacruz's argument regarding abrogation of immunity in the Americans with Disabilities Act ("ADA") was inapposite because Delacruz pleaded only RICO claims in his complaint. The district court also properly ruled that *Ex parte Young* did not apply because the State Bar is a state agency. *See Jamul Action Committee v. Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020), *cert. denied*, 2021 WL 4507698 (U.S. Oct. 4, 2021).

The district court properly dismissed Claim One as time-barred because Delacruz filed this action over four years after the claim accrued. *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001).

The district court properly dismissed Claim Two as barred by the *Noerr-Pennington* doctrine. Defendants' discovery communications were protected petitioning activities that would be burdened by Delacruz's RICO claim, the RICO statute does not proscribe the defendants' circulation of a police report containing a social security number during litigation, and the sham litigation exception did not apply. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009).

The district court properly exercised its discretion in dismissing Delacruz's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

The district court did not abuse its discretion by imposing a monetary sanction on Delacruz pursuant to Federal Rule of Civil Procedure 11 given Delacruz's history of meritless filings. *See Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) (setting forth standard of review and grounds for Rule 11 sanctions). Delacruz forfeited his argument regarding the safe harbor set forth in Rule 11(c)(2) by failing to raise this argument in his opposition to the State Bar's motion for sanctions. *See OneCast Media, Inc.*, 439 F.3d 558, 562-63 (9th Cir. 2006) (citing to *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004) (en banc) ("finding that Rule 11's safe harbor provisions are claim-processing rules that are forfeited if not timely raised.")). There is no indication that the district court violated Delacruz's right to equal protection or his rights under the ADA by singling him out for sanctions. *See Ballou v. McElvain*, 14 F.4th 1042, 1050 (9th Cir. 2021) ("The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a discriminatory purpose.") (citation omitted). Further, the State Bar was not

3

judicially estopped from seeking sanctions due to any inconsistent positions taken in prior litigation. *See Arconic, Inc. v. APC Investment Co.*, 969 F.3d 945, 956 (9th Cir. 2020) (defining the doctrine of equitable estoppel), *cert. denied*, 141 S. Ct. 2838 (2021).

The district court properly exercised its discretion in denying Delacruz's motion for sanctions because he failed to establish grounds for sanctions. *See Havensight Capital LLC*, 891 F.3d at 1171; *see also Fink v. Gomez*, 239 F.3d 989, 991-94 (9th Cir. 2001).

The district court properly exercised its discretion in denying Delacruz's motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Connell v. Lima Corporate*, 988 F.3d 1089, 1096 (9th Cir. 2021).

Appellees' motion for judicial notice (Dkt. 15) is denied as unnecessary.

**AFFIRMED.**