NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN K. BUNTON; KAREN A. BUNTON, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No.  22-70229 <br><br> Tax Ct. No.  5770-19L <br><br> MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted January 11, 2024**

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Petitioners-Appellants Brian and Karen Bunton (the "Buntons") appeal pro se from the Tax Court's denial of a motion to reconsider or vacate its decision sustaining the Internal Revenue Service's ("IRS") levy action to collect delinquent federal income taxes.  Because the Buntons' notice of appeal was untimely, we

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss the appeal for lack of jurisdiction. *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1174 (9th Cir. 2018) (dismissing untimely appeal for lack of jurisdiction).

The Tax Court denied the Buntons' motions on July 1, 2022. Therefore, the Buntons had until September 29, 2022, to file their notice of appeal with the tax court. *See* 26 U.S.C. § 7483 ("[N]otice of appeal [must be filed] with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."); *Nordvik v. Comm'r*, 67 F.3d 1489, 1493–94 (9th Cir. 1995) (explaining that the time to file notice of appeal begins running "upon the date of decision on a timely motion for reconsideration").

The Buntons mailed their notice of appeal to the Tax Court via first-class mail, but it was not delivered until October 13, 2022—two weeks past the September 29, 2022, deadline. The Internal Revenue Code provides that if delivery is made after the prescribed period, then "the date of the United States postmark stamped on the cover" in which the document "is mailed shall be deemed to be the date of delivery." 26 U.S.C. § 7502(a)(1). Applying this rule, the notice of appeal was untimely because the U.S. Postal Service postmark was dated October 3, 2022. And while a separate postage label generated by the private postage service provider Endicia is dated September 26, 2022, *Who We Are*, https://www.endicia.com/about-endicia/ (last visited Jan. 9, 2024), it is the date on

2

the U.S. Postal Service postmark that controls.  *See* 26 U.S.C. § 7502(b) ("This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary."); Treas. Reg. § 301.7502-1(c)(1)(iii)(B)(3) (providing that where there is a non-U.S. postmark and a U.S. postmark, the non-U.S. postmark is disregarded).

**DISMISSED**.