NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT E. HILLIARD,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE; COUNTY OF TWIN FALLS,<br><br>Defendants - Appellees. | No. 24-819<br><br>D.C. No.<br>1:18-cv-00550-CWD<br><br>MEMORANDUM[*] |
| BRENT E. HILLIARD,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE; COUNTY OF TWIN FALLS,<br><br>Defendants - Appellees. | No. 24-2112<br><br>D.C. No.<br>1:18-cv-00550-CWD |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted March 24, 2025[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District Judge.***

Brent Hilliard appeals from the district court's post-judgment orders in his employment discrimination action against the Twin Falls County Sheriff's Office and the County of Twin Falls (collectively, "County"). We review for abuse of discretion both the district court's denial of a motion under Federal Rule of Civil Procedure 60(b), *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024), and imposition of sanctions under 28 U.S.C. § 1927, *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not abuse its discretion by denying Hilliard's Rule 60(b) motion. Under Rule 60(b)(2), Hilliard failed to demonstrate that his purportedly new evidence "would have been likely to change the disposition of the case." *Marroquin*, 112 F.4th at 1217 (citation omitted); *see also* Fed. R. Civ. P. 60(b)(2). And under Rule 60(b)(3), Hilliard failed to show that the disposition was obtained by the County's alleged fraud, misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(b)(3); *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th

---

*** The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

1124, 1136 (9th Cir. 2022).

Because Hilliard's motion fell under Rule 60(b)(2) and (3), he could not also seek relief under Rule 60(b)(6)'s catch-all. *See Marroquin*, 112 F.4th at 1217 ("Although Rule 60(b)(6) is a catch-all provision, it does not apply to situations covered by any of the other reasons set forth in Rule 60." (citation and internal quotation marks omitted)).

2. We deem waived any challenge to the district court granting in part the County's motion to strike. *See Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 n.6 (9th Cir. 2022) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (citation and internal quotation marks omitted)).

3. The district court did not abuse its discretion by awarding attorney's fees under 28 U.S.C. § 1927 as a sanction against Hilliard's counsel. *See* 28 U.S.C. § 1927 (allowing sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously").

The district court found that Hilliard's counsel acted recklessly in filing the frivolous Rule 60(b) motion, thereby unreasonably and vexatiously multiplying the proceedings in this matter. *See Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1153 (9th Cir. 2024) (noting that sanctions under § 1927 require a finding that the attorney acted with "subjective bad faith" (citation omitted)); *Blixseth v.*

*Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (order) ("[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." (citation omitted)). The court noted that the Rule 60(b) motion failed to raise any legitimate argument, tried to reopen a matter that had been closed for seven months due to the parties' settlement, and appeared to have been brought by Hilliard's counsel for his own benefit. These factual findings, which are afforded "great deference," are thoroughly supported by the record. *Havensight Cap. LLC*, 891 F.3d at 1174 (citation omitted).

4. We deny the County's request for attorney's fees on appeal, raised in the answering brief, without prejudice to filing a separate motion that complies with Ninth Circuit Rule 39-1.6. *See* Fed. R. App. P. 38 (requiring a separate motion for damages and costs for a frivolous appeal); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (a request made in an appellate brief does not satisfy Rule 38); *see also* 9th Cir. R. 39-1.6 (requirements for attorney's fees request).

**AFFIRMED**.