**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL LUIS CRUZADO,

Plaintiff - Appellant,

v.

STATE OF WASHINGTON; SEATTLE
POLICE DEPARTMENT; CITY OF
SEATTLE,

Defendants - Appellees.

No. 23-4451

D.C. No.
2:22-cv-01474-JNW

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Angel Luis Cruzado appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging due process violations in the

December 2017 issuance and the December 2018 renewal of a civil domestic

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violence protection order by the King County Superior Court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of standing under Fed. R. Civ. P. 12(b)(1). *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023). We affirm.

The district court properly dismissed Cruzado's action because Cruzado failed to allege facts sufficient to show that he remains subject to a protection order or that he is likely to be subject to another order. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (explaining the plaintiff's burden of showing "an injury [that] would likely be redressed by judicial relief"); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ("For injunctive relief, . . . the threat of injury must be actual and imminent, not conjectural or hypothetical." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Cruzado's motion for reconsideration because Cruzado failed to set forth any basis for relief. *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) (standard of review).

**AFFIRMED.**

23-4451