NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEREK RICHARD PARKER,

          Plaintiff - Appellant,

  v.

MIMI MANZANO, United States Probation
Officer; YMELDA VALENZUELA, United
States Probation Supervisory
Officer; CHRISTOPHER J. MARCO,
United States Probation Supervisory
Officer; JOHN DOES, 1 through 10,

          Defendants - Appellees.

No. 24-1723

D.C. No.
3:22-cv-00001-RBM-SBC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Derek Parker ("Appellant") appeals the district court's order dismissing with

prejudice his pro se amended complaint, which alleges that U.S. Probation Officers

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mimi Manzano, Ymelda Valenzuela, and Christopher Marco ("Appellees") violated his Fourth Amendment rights. As the parties are familiar with the facts we do not recite them here except as the pertain to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's order granting Defendants' motion to dismiss the amended complaint, *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022), and review for abuse of discretion the district court's denial of leave to amend, *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018).

Because Appellant seeks damages against Appellees in their individual capacities "despite the absence of any statute conferring such a right," Appellant's case is analyzed under the *Bivens*[1] framework. *Carlson v. Green*, 446 U.S. 14, 18 (1980). Appellant's alleged facts are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) (citation omitted). None of the previously decided Bivens cases involved a third-party right to withhold firearm information from the U.S. Probation Office. Under the special factors analysis, we decline to extend a *Bivens* remedy to Appellant's claim. *See id*. Appellant's claim calls "into question the formulation and implementation of a general policy" of the U.S.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Probation Office, which the judiciary may not do. *See Egbert v. Boule*, 596 U.S. 482, 492 (2022) ("If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a Bivens remedy." (quotation omitted)).

Insofar as Appellant seeks damages against Appellees in their official capacities, the United States has not waived its sovereign immunity for constitutional claims. *See DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127 (9th Cir. 2019). Thus, Appellant's claim is also barred on those grounds.

Appellant's motion for early discovery [Dkt. Entry No. 20] is denied.

**AFFIRMED.**